**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0973-15T3

LISA G. STROBEL, n/k/a
LISA G. TRAYNOR,

    Plaintiff-Respondent,

v.

ROLF STROBEL,

    Defendant-Appellant.

_____

        Submitted February 9, 2017 — Decided June 6, 2017

        Before Judges Lihotz and Whipple.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Ocean County,
        Docket No. FM-15-1200-02.

        Law Offices of August J. Landi, attorney for
        appellant (Mr. Landi, on the brief).

        Law Offices of Michele C. Verno, L.L.C.,
        attorney for respondent (Ms. Verno, on the
        brief).

PER CURIAM

    Defendant Rolf Strobel appeals from a June 19, 2015 order and

an October 2, 2015 order denying reconsideration.  For the reasons

that follow, we are constrained to reverse and remand for a more thorough review of the child support calculation.

Plaintiff, Lisa Strobel, and defendant were married in January 1994, and had two children. In November 2002, the parties divorced and entered into a settlement agreement incorporated into the final judgment of divorce. According to the agreement, defendant was to provide plaintiff with $108 per week in child support. Plaintiff's gross weekly income was calculated at $770, while defendant's gross weekly income was calculated at $1050. Thereafter the weekly child support increased to $147 per week to reflect cost of living adjustments.

On March 19, 2015, the Ocean County Board of Social Services (OCBSS) filed a "Notice of Motion to Decrease Child Support Payments Based Upon Triennial Review."[1] Because the last child support order had been entered almost three years prior, the order was eligible for a triennial review pursuant to N.J.S.A. 2A:17-56.9(a). According to a certification from an attorney for OCBSS, under the recent child support guideline worksheet, child support should be increased to $256 per week, a 74% increase from the previous amount of child support. The notice of motion scheduled

---

[1]  It appears the notice of motion erroneously stated it was to decrease child support, as the supporting documentation all reflect the OCBSS's recommendation to increase child support.

a hearing before a Child Support Hearing Officer on May 14, 2015. The parties received a notice of adjournment on April 29, 2015, advising the motion hearing had been rescheduled to May 28, 2015.

On May 11, 2015, defendant filed a cross motion opposing the OCBSS motion made on behalf of plaintiff. Defendant requested income be imputed to plaintiff based upon her education, prior work history and ability to earn in accordance with New Jersey Department of Labor Occupations Wages as a Food Services Manager (her former position), arguing plaintiff is underemployed working part-time as a school secretary. Defendant also requested additional relief not relevant to this appeal. A civil action summons for motion hearing directed the parties to appear before a judge on June 19, 2015. The parties were advised to bring their last three pay stubs and/or proof of other income and their most recent federal tax return. The parties subsequently received a letter from the OCBSS informing the office would not appear at the June 19 motion hearing, as both parties were represented by counsel.

At the June 19, 2015 motion hearing, defendant contested the OCBSS calculation in its triennial review and asked the court to impute a higher income to plaintiff. Defendant also raised for the first time an error in the calculation of child support based on plaintiff's receipt of a health insurance credit for the

parties' two children because they were covered by her current husband's health insurance. Because the latter issue was not raised in motion papers, the court only addressed the issue of income imputed by the OCBSS.

The court contacted Dina Johnston, OCBSS employee and the individual who handled the triennial review, and took telephonic testimony. Ms. Johnston explained OCBSS requested financial statements from both parties and their employers, and such information was entered into the financial information sheet. Information provided by the parties was re-verified through Employer Verification Letters, as well as through searches from the Department of Labor. Based upon the financial information collected, the OCBSS applied the child support guidelines. Once the OCBSS determined the proper amount, the parties received determination letters, which provided the child support guidelines and offered the parties the opportunity to challenge the finding. When a party does not consent, the OCBSS ordinarily sends the parties Case Information Statements (CIS) to be completed, and the OCBSS files a motion on the parties' behalf.

Ms. Johnston testified both parties filled out a CIS. Ms. Johnston testified because defendant filed a motion seeking relief beyond the OCBSS child support determination, the motion proceeded to a judge. Ms. Johnston explained OCBSS imputed income to

plaintiff at $400 per week because she was working as a school secretary, part-time, earning approximately $10 an hour; therefore, had the capacity to work full time so imputed on a forty-hour workweek. The income for plaintiff was verified by her employer.

After summarizing Ms. Johnston's testimony, the court was satisfied with the amount of child support OCBSS calculated and entered a final order granting OCBSS's application to increase child support to $256 per week based on plaintiff's imputed income of $400 per week.

Defendant moved for reconsideration of the June 19, 2015 order, which the judge denied on October 2, 2015. In a written statement of reasons, the judge summarized Ms. Johnston's testimony regarding calculation of the weekly child support amount of $256. The judge considered the imputation of plaintiff's income appropriate based upon her work history, and the fact she is raising five school-aged children. The court did not agree plaintiff was underemployed and found OCBSS properly imputed plaintiff's income as a full time school secretary.

As to defendant's argument regarding the children's health insurance premium, the court reviewed and found plaintiff's current spouse provides insurance for all five children, including defendant's two children. Therefore, plaintiff was entitled to a

fifty-seven dollar credit for the cost of the parties' two children, and when completing the Other Dependent Deduction worksheet to account for plaintiff's support for her other three children, plaintiff's current spouse was entitled to an eighty-six dollar credit for their insurance costs.

Defendant argued OCBSS improperly used a sole parenting worksheet as opposed to the shared parenting worksheet. When the parties financial information was calculated, the program automatically changed from the shared parenting worksheet to the sole parenting worksheet because plaintiff's "parent of primary residence [PPR] weekly household net income plus the shared-parenting child support award is less than two times the U.S. poverty guidelines for the number of persons in the household and thus failed the PPR income test." The court ran its own child support guidelines using the shared parenting worksheet and noted a nineteen-dollar difference. The court found the nineteen-dollar difference in defendant's child support obligations under the sole parenting worksheet versus the shared parenting worksheet was "negligible based upon the parties' financial status." Therefore, the court denied defendant's application to vacate the June 19, 2015 order. This appeal followed.

On appeal, defendant argues the Family Part judge erred affirming a triennial review of child support by an administrative

clerk specialist without benefit of a review by a hearing officer and without benefit of a CIS exchange. He also argues the judge erred not taking testimony on the issues raised and in not creating a record sufficient for appellate review on the merits. We agree.

"An award of support is within the discretion of the trial court. It will not be disturbed unless it is 'manifestly unreasonable, arbitrary, or clearly contrary to reason or to the evidence, or the result of whim or caprice.'" Raynor v. Raynor, 319 N.J. Super. 591, 605 (App. Div. 1999) (quoting DeVita v. DeVita, 145 N.J. Super. 120, 123 (App. Div. 1976)). Findings by a Family Part judge will be binding on appeal when supported by adequate, substantial, and credible evidence. Cesare v. Cesare, 154 N.J. 394, 412 (1998). We accord deference to a Family Judge's fact-finding. Id. at 413.

Here, although the trial judge was "satisfied" with OCBSS's child support calculation, we are not. In particular, there is no explanation whether the amount previously imputed to plaintiff by agreement of $770 per week was ever considered by the OCBSS when it conducted its review. In his statement of reasons on reconsideration, the judge made extensive findings regarding plaintiff's current earning capacity without benefit of a necessary hearing on the contested issue of whether changed circumstances warrant a modification of the agreed upon imputed

7

income.  See Glass v. Glass, 366 N.J. Super. 357, 373 (App. Div. 2004) (finding settlement agreements "not only resolve[] issues of custody and visitation but financial matters including equitable distribution and spousal and child support.  No one element stands alone and can be read without reference or consideration of the others."); see also Lepis v. Lepis, 83 N.J. 139, 157 (1980) ("The party seeking modification has the burden of showing such 'changed circumstances' as would warrant relief from the support or maintenance provisions involved.").  Moreover, we direct the difference in defendant's child support obligations under the sole parenting worksheet versus the shared parenting worksheet must be corrected in the child support order to reflect the accurate obligation.  See Benisch v. Benisch, 347 N.J. Super. 393, 395-96 (App. Div. 2002) ("Under the [Child Support] Guidelines, the designation of PPR and P[arent of] A[lternative] R[esidence] is not an insignificant matter.  It has tangible, monetary effects.").

Reversed and remanded consistent with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION